**Rickey GRANT, Petitioner–Appellant,**

v.

**T. RICKS, Respondent–Appellee.**

**Docket No. 03–2640–CV.**

United States Court of Appeals,
Second Circuit.

Oct. 5, 2005.

Julia Pamela Heit, New York, NY, for Petitioner–Appellant.

Ashlyn Dannelly, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Robin A. Forshaw, Assistant Solicitor General, Kimberley Morgan, Assistant Attorney General), New York, NY, for Respondent–Appellee, of counsel.

Present: JACOBS, SOTOMAYOR, Circuit Judges. and BRIEANT, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York (Weinstein, J.) is **AFFIRMED.**

Petitioner-appellant Rickey Grant appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 but granting him a certificate of appealability limited to the issue of whether petitioner was deprived of his Sixth Amendment right to effective assistance of counsel due to his counsel's failure to call additional witnesses who would have impeached the state's chief witness. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

█ Petitioner argues that his attorney's failure to call Lola Allen and Anna Sezerino as witnesses constituted ineffective assistance of counsel because these non-familial witnesses would have impeached the state's chief witness more effectively than the family members who testified on his behalf. Counsel's decision

as to "whether to call specific witnesses— even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation." *United States v. Best,* 219 F.3d 192, 201–02 (2d Cir.2000) (citing *United States v. Schmidt,* 105 F.3d 82, 90 (2d Cir.1997)); *see also United States v. Smith,* 198 F.3d 377, 386 (2d Cir.1999) ("The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." (citation and internal quotation marks omitted)). Counsel's determination not to call Lola Allen and Anna Sezerino as witnesses in this case fell within "the wide range of professionally competent assistance." *See Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, counsel was in possession of an audiotape that she thought would exonerate the petitioner, rendering the testimony of Lola Allen and Anna Sezerino unnecessary. Second, counsel called as witnesses at least four members of the petitioner's family who testified that Bailey and the petitioner were friends and that the petitioner had been in Bailey's new apartment on numerous occasions, rendering the testimony of Lola Allen and Anna Sezerino cumulative. Third, Lola Allen and Anna Sezerino state in their affidavits that they observed the petitioner visiting Bailey's apartment between 1991 and 1993, before Bailey moved to the apartment petitioner was convicted of burgling. Thus although their testimony, if believed, would have discredited Bailey's assertion that he and the petitioner had not socialized since 1989, it would not have established that petitioner had been present in Bailey's apartment prior to the burglary. Petitioner has thus failed to

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

satisfy his burden of demonstrating that his "counsel's performance fell below an objective standard of reasonableness." *Best,* 219 F.3d at 201.

■ Petitioner also failed to satisfy his burden of demonstrating that but for his counsel's failure to call Lola Allen and Anna Sezerino as witnesses, the likely outcome of the proceeding would have been different. *Id.* As noted above, these two witnesses were not able to testify as to the petitioner's presence in Bailey's new apartment prior to the burglary; thus, their testimony was of limited usefulness in providing an innocent explanation for the presence of the petitioner's fingerprint inside Bailey's new apartment. Furthermore, the government presented sufficient evidence for a jury to convict the petitioner even in the absence of an incriminating fingerprint. *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").

Given the fact that "[j]udicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, 104 S.Ct. 2052, we cannot say that the Appellate Division was unreasonable when it held that petitioner's claim of ineffective assistance of counsel was "without merit." *People v. Grant,* 265 A.D.2d 571, 696 N.Y.S.2d 884, 885 (2d Dept.1999). Petitioner has failed to satisfy the review standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d); *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.